**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

APOLLO JOHNSON,

      Petitioner,                          Civil No. 5:12-11632
                                         HONORABLE JOHN CORBETT O'MEARA
v.                                            UNITED STATES DISTRICT JUDGE

JEFF WOODS,

      Respondent,
_____/

**OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS
CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY
OR LEAVE TO APPEAL IN FORMA PAUPERIS**

      Apollo Johnson, ("Petitioner"), presently confined at the Chippewa Correctional Facility in Kincheloe, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his conviction for second-degree murder, M.C.L.A. 750.317; and being a fourth felony habitual offender, M.C.L.A. 769.12. For the reasons stated below, the application for writ of habeas corpus is **DENIED.**

**I.  Background**

      Petitioner was convicted of the above charges following a jury trial in the Jackson County Circuit Court. This Court recites verbatim the relevant facts relied upon by the Michigan Court of Appeals, which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). *See Wagner v. Smith,* 581 F.3d 410, 413 (6th Cir. 2009):

1

> Defendant was charged with open murder in the death of Frank Smith. The killing took place on August 2, 2008, at the G. Robert Cotton Correctional Facility, where defendant and Smith were incarcerated. Defendant claimed that Smith attacked him with a shank, and that he inadvertently stabbed Smith with the shank while defending himself.

*People v. Johnson,* No. 296706, * 1 (Mich.Ct.App. May 19, 2011).

Petitioner's conviction was affirmed on appeal. *Id., lv. den.* 490 Mich. 969, 806 N.W.2d 491 (2011).

Petitioner seeks a writ of habeas corpus on the following grounds:

> I. Mr. Johnson is entitled to a new trial where trial counsel rendered ineffective assistance in violation of the state and federal constitutions.
>
> II. There was insufficiency evidence to prove that Mr. Johnson committed second-degree murder.

## II. Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
>> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
>
>  A decision of a state court is "contrary to" clearly established federal law if the

state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

    The Supreme Court has explained that "[A] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 130 S. Ct. 1855, 1862 (2010)((quoting *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (*per curiam*)). "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011)(citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* ( citing *Lockyer v. Andrade,* 538 U.S. 63, 75 (2003). Furthermore, pursuant to § 2254(d), "a habeas court must determine what

arguments or theories supported or...could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.*

"[I]f this standard is difficult to meet, that is because it was meant to be." *Harrington,* 131 S. Ct. at 786. Although 28 U.S.C. § 2254(d), as amended by the AEDPA, does not completely bar federal courts from relitigating claims that have previously been rejected in the state courts, it preserves the authority for a federal court to grant habeas relief only "in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with" the Supreme Court's precedents. *Id.* Indeed, "Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Id.* (citing *Jackson v. Virginia,* 443 U.S. 307, 332, n. 5 (1979))(Stevens, J., concurring in judgment)). Thus, a "readiness to attribute error [to a state court] is inconsistent with the presumption that state courts know and follow the law." *Woodford,* 537 U.S. at 24. Therefore, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington,* 131 S. Ct. at 786-87. Finally, in reviewing petitioner's claims, this Court must remember that under the federal constitution, petitioner was "entitled to a fair trial

4

but not a perfect one." *Lutwak v. United States,* 344 U.S. 604, 619 (1953).

### III. Discussion

#### A. Claim # 1. The ineffective assistance of counsel claim.

Petitioner first alleges that he was deprived of the effective assistance of counsel.

To show that he was denied the effective assistance of counsel under federal constitutional standards, a defendant must satisfy a two prong test. First, the defendant must demonstrate that, considering all of the circumstances, counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In so doing, the defendant must overcome a strong presumption that counsel's behavior lies within the wide range of reasonable professional assistance. *Id*. In other words, petitioner must overcome the presumption that, under the circumstances, the challenged action might be sound trial strategy. *Strickland,* 466 U.S. at 689. Second, the defendant must show that such performance prejudiced his defense. *Id*. To demonstrate prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694. "*Strickland*'s test for prejudice is a demanding one. 'The likelihood of a different result must be substantial, not just conceivable.'" *Storey v. Vasbinder*, 657 F.3d 372, 379 (6th Cir. 2011)(quoting *Harrington*, 131 S. Ct. at 792). The Supreme Court's holding in *Strickland* places the burden on the defendant who raises a claim of ineffective assistance of counsel, and not the state, to show a reasonable probability that the result of

the proceeding would have been different, but for counsel's allegedly deficient performance. *See Wong v. Belmontes*, 130 S. Ct. 383, 390-91 (2009).

More importantly, on habeas review, "the question 'is not whether a federal court believes the state court's determination' under the *Strickland* standard 'was incorrect but whether that determination was unreasonable-a substantially higher threshold.'" *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009)(quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)). "The pivotal question is whether the state court's application of the *Strickland* standard was unreasonable. This is different from asking whether defense counsel's performance fell below *Strickland's* standard." *Harrington v. Richter*, 131 S. Ct. at 785. Indeed, "because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." *Knowles,* 556 U.S. at 123 (citing *Yarborough v. Alvarado*, 541 U.S. at 664). Pursuant to § 2254(d)(1) standard, a "doubly deferential judicial review" applies to a *Strickland* claim brought by a habeas petitioner. *Id.* This means that on habeas review of a state court conviction, "[A] state court must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself."*Harrington*, 131 S. Ct. at 785. "Surmounting *Strickland's* high bar is never an easy task." *Id.* at 788 (quoting *Padilla v. Kentucky*, 130 S. Ct. 1473, 1485 (2010)).

Because of this doubly deferential standard, the Supreme Court has indicated that:

> Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were

reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard.

*Harrington v. Richter*, 131 S. Ct. at 788.

In addition, a reviewing court must not merely give defense counsel the benefit of the doubt, but must also affirmatively entertain the range of possible reasons that counsel may have had for proceeding as he or she did. *Cullen v. Pinholster,* 131 S. Ct. 1388, 1407 (2011).

Finally, this Court is aware that "[R]eliance on 'the harsh light of hindsight' to cast doubt on a trial that took place" three years ago "is precisely what *Strickland* and AEDPA seek to prevent." *Harrington v. Richter*, 131 S. Ct. at 789.

Petitioner first contends that trial counsel was ineffective for failing to file a pre-trial motion in limine to prohibit the prosecutor from impeaching petitioner with his prior armed robbery and carjacking convictions.

The Michigan Court of Appeals rejected petitioner's claim:

> Defense counsel objected at trial after the prosecutor asked defendant what he was in prison for, and defendant responded "armed robbery." In response to counsel's objection, the trial court correctly stated that MRE 609 was the "relevant rule of impeachment," and then held a bench conference. Afterwards, defendant admitted that he had been convicted of "car jacking," indicating that the trial court ruled the evidence of his prior conviction admissible. Defendant offers no basis to support the proposition that the trial court would have ruled differently had defense counsel presented the prior conviction issue in a pretrial motion instead of at trial. Defendant has therefore failed to show either unreasonable performance by his counsel or a reasonable probability that the result of the trial would have been different.

*Johnson,* Slip. Op. at pp. 1-2.

7

In order to show prejudice from a trial counsel's allegedly ineffective assistance in failing to file a motion to exclude prior convictions, a defendant must show that: (1) had his counsel filed the motion, it is reasonable that the trial court would have granted the motion, and (2) had the motion been granted, it is reasonable that there would have been an outcome more favorable to defendant. *See Wilson v. Henry,* 185 F. 3d 986, 990 (9th Cir. 1999). A habeas petitioner's "mere speculation" that a motion to suppress may been meritorious is not enough to "affirmatively prove prejudice." *See Travasso v. Clark,* 162 F. Supp. 2d 1106, 1118 (N.D. Cal. 2001).

In the present case, petitioner's contention that the trial court would have granted a motion in limine to exclude his prior convictions is completely speculative, particularly in light of the fact that the judge apparently allowed petitioner to be impeached with these convictions when defense counsel objected at trial. In light of the foregoing, petitioner does not have a "strong argument" that his prior convictions for armed robbery and carjacking should have been suppressed, therefore, he has failed to show that counsel was ineffective for failing to move for the suppression of these prior convictions prior to trial. *Compare Byrd v. Trombley,* 352 Fed. Appx. 6, 11-12 (6th Cir. 2009).

Petitioner next contends that his counsel was ineffective for failing to call the victim's cellmate as a witness. Petitioner's counsel did not raise this issue until the fifth day of trial, when he informed the court that petitioner had told him that the victim's cellmate would testify that the victim had possessed a weapon just before or on the date that he was killed. Counsel admitted that calling this man as a witness would be an

8

"unfair surprise" to the prosecution. The trial judge refused to permit counsel to amend the defense witness list because petitioner's attempt to call a "surprise witness" was untimely.

Petitioner failed to attach any affidavits from this witness to his state court appellate brief nor has he provided this Court with any affidavit from this witness concerning his proposed testimony and willingness to testify on the petitioner's behalf. Conclusory allegations of ineffective assistance of counsel, without any evidentiary support, do not provide a basis for habeas relief. *See Workman v. Bell,* 178 F.3d 759, 771 (6th Cir. 1998). By failing to present any evidence to the state courts in support of his ineffective assistance of claim, petitioner is not entitled to an evidentiary hearing on his ineffective assistance of counsel claim with this Court. *See Cooey v. Coyle*, 289 F. 3d 882, 893 (6th Cir. 2002)(citing 28 U.S.C. § 2254(e)(2)(A)(ii)). Petitioner has failed to attach any offer of proof or any affidavits sworn by the proposed witness. Petitioner has offered, neither to the Michigan courts nor to this Court, any evidence beyond his own assertions as to whether the witness would have been able to testify and what the content of this witness' testimony would have been. In the absence of such proof, petitioner is unable to establish that he was prejudiced by counsel's failure to call this witness to testify at trial, so as to support the second prong of an ineffective assistance of counsel claim. *See Clark v. Waller,* 490 F. 3d 551, 557 (6th Cir. 2007).

Petitioner is also not entitled to habeas relief because he has failed to show that the victim's cellmate would have exculpated petitioner of the crime. A defense counsel

has no obligation to present evidence or testimony that would not have exculpated the defendant. *See Millender v. Adams,* 376 F. 3d 520, 527 (6th Cir. 2004)(internal quotation omitted). Although petitioner claims that the cellmate would testify that the victim possessed a weapon either before or on the day of the killing, presumably to bolster petitioner's self-defense claim, there is no indication that the cellmate witnessed the stabbing. A defendant is not denied the effective assistance of counsel by an attorney's failure to present the testimony of a witness who was not present at the scene of a crime. *See Morgan v. Bunnell*, 24 F. 3d 49, 53 (9th Cir. 1994). Because the victim's cellmate was not present when the confrontation took place between petitioner and the victim, he could not have exonerated petitioner of the crime, thus counsel, was not ineffective in failing to call him as a witness. *See e.g. Pillette v. Berghuis,* 408 Fed. Appx. 873, 885-86 (6th Cir. 2010). Petitioner is not entitled to habeas relief on his first claim.

### B. Claim # 2. The sufficiency of evidence claim.

Petitioner next contends that there was insufficient evidence to convict him of second-degree murder, because the prosecutor failed to disprove his claim that he stabbed the victim in self-defense.

Petitioner's claim is non-cognizable on habeas review. Under Michigan law, self-defense is an affirmative defense. *See People v. Dupree,* 486 Mich. 693, 704, 712; 788 N.W. 2d 399 (2010). "An affirmative defense, like self-defense, 'admits the crime but seeks to excuse or justify its commission. It does not negate specific elements of the

10

crime.'" *People v. Reese*, 491 Mich. 127, 155, n. 76; 815 N.W.2d 85 (2012)(quoting *Dupree,* 486 Mich. at 704, n. 11). Although under Michigan law the prosecutor is required to disprove a claim of self-defense, *See People v. Watts*, 61 Mich. App. 309, 311, 232 N.W.2d 396, 398 (1975), "[p]roof of the nonexistence of all affirmative defenses has never been constitutionally required...." *See Smith v. United States,*---- S. Ct.----; 2013 WL 85299, p. 3 (U.S. January 9, 2013)(quoting *Patterson v. New York*, 432 U.S. 197, 210 (1977)). The Supreme Court and the Court of Appeals for the Sixth Circuit have rejected the argument that the Constitution requires the prosecution to disprove self defense beyond a reasonable doubt. *See Gilmore v. Taylor*, 508 U.S. 333, 359 (1993) (Blackmun, J., dissenting)("In those States in which self-defense is an affirmative defense to murder, the Constitution does not require that the prosecution disprove self-defense beyond a reasonable doubt"); *Martin v. Ohio*, 480 U.S. 228, 233-36 (1987); *see also Allen v. Redman*, 858 F. 2d 1194, 1197 (6th Cir.1988)(explaining that habeas review of sufficiency-of-the-evidence claims is limited to elements of the crimes as defined by state law and citing *Engle v. Isaac*, 456 U.S. 107 (1982), and *Duffy v. Foltz*, 804 F. 2d 50 (6th Cir. 1986)). Therefore, "the due process 'sufficient evidence' guarantee does not implicate affirmative defenses, because proof supportive of an affirmative defense cannot detract from proof beyond a reasonable doubt that the accused had committed the requisite elements of the crime." *Caldwell v. Russell,* 181 F. 3d 731, 740 (6th Cir. 1999). Petitioner does not challenge the sufficiency of the evidence in support of the essential state law elements of second-degree murder; rather, "he has

11

only faulted the jury's refusal to credit his proffered affirmative excuse or justification" for the killing. *Id.* As such, petitioner's claim that the prosecutor failed to disprove his affirmative defense is non-cognizable on habeas review. *Id.; Allen v. Redman,* 858 F. 2d at 1200.

Moreover, even if this Court were to determine that petitioner's claim was cognizable, he would not be entitled to habeas relief. It is beyond question that "the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In Re Winship,* 397 U.S. 358, 364 (1970). But the critical inquiry on review of the sufficiency of the evidence to support a criminal conviction is, "whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318 (1979). This inquiry, however, does not require a court to "ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt." Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Id.* at 318-19(internal citation and footnote omitted)(emphasis in the original).

More importantly, a federal habeas court may not overturn a state court decision that rejects a sufficiency of the evidence claim simply because the federal court disagrees with the state court's resolution of that claim. Instead, a federal court may grant habeas relief only if the state court decision was an objectively unreasonable application of the

12

*Jackson* standard. *See Cavazos v. Smith,* 132 S. Ct. 2, 4 (2011). "Because rational people can sometimes disagree, the inevitable consequence of this settled law is that judges will sometimes encounter convictions that they believe to be mistaken, but that they must nonetheless uphold." *Id.* Indeed, for a federal habeas court reviewing a state court conviction, "the only question under *Jackson* is whether that finding was so insupportable as to fall below the threshold of bare rationality." *Coleman v. Johnson*, 132 S.Ct. 2060, 2065 (2012).

Finally, on habeas review, a federal court does not reweigh the evidence or redetermine the credibility of the witnesses whose demeanor was observed at trial. *Marshall v. Lonberger*, 459 U.S. 422, 434 (1983). It is the province of the factfinder to weigh the probative value of the evidence and resolve any conflicts in testimony. *Neal v. Morris*, 972 F.2d 675, 679 (6th Cir. 1992). A habeas court therefore must defer to the fact finder for its assessment of the credibility of witnesses. *Matthews v. Abramajtys*, 319 F.3d 780, 788 (6th Cir.2003).

Under Michigan law, one acts lawfully in self-defense if he honestly and reasonably believes that he is in danger of serious bodily harm or death, as judged by the circumstances as they appeared to the defendant at the time of the act. *Blanton v. Elo*, 186 F. 3d 712, 713, n. 1 (6th Cir. 1999)(citing *People v. Heflin*, 434 Mich. 482; 456 N.W. 2d 10 (1990)).

The Michigan Court of Appeals rejected petitioner's claim:

Defendant's evidence that he acted in self-defense came through his own

13

testimony. Defendant claimed that Smith approached him with a shank, and that he believed Smith intended to kill him. Defendant said that Smith punched him in the face and pulled him out of his wheelchair. Defendant explained that he and Smith wrestled over the shank, and that somehow Smith "ended up getting stuck," adding that "I didn't even swing the knife," it "was a lucky blow," and that he did not know that Smith was stuck until they were lying on the floor. Despite this testimony, we find that the prosecution presented sufficient evidence to allow the jury to conclude beyond a reasonable doubt that defendant did not act in self-defense.

First, defendant's credibility was greatly undermined by testimony indicating that he had made inconsistent statements about the incident. Detective Lisa Gee–Cram testified that defendant said he went to the shower to resolve his problems with Smith, but at trial defendant testified that he went there to take a shower. Notably, this claim was also undermined by the fact that the shower where the killing occurred, the "first base shower," was not the shower that defendant was supposed to use. Defendant used a wheelchair, and the first base shower had a "lip" and was not handicap or wheelchair accessible, whereas the "third base shower," the one closest to defendant's cell, had a grab rail and no lip. Defendant also allegedly told Gee–Cram that Smith had the shank when he came out of the shower, but at trial defendant said that Smith got the shank from a laundry bag after he exited the shower. Second, testimony suggested that defendant further lied about the incident, claiming that he dropped the weapon that he used to commit the murder down the shower drain. Third, the jury may have believed that defendant's injury, a swollen lip allegedly caused by a punch from Smith, was inconsistent with defendant's testimony that Smith had a shank and intended to kill him with it. Had Smith intended such a result, defendant would likely have defensive wounds from attempting to grab the shank, not a swollen lip from a punch. Moreover, Smith was the one who had defensive wounds. Finally, defendant's testimony that the killing was "inadvertent" is improbable. The sole, fatal wound was the piercing of Smith's left lung and pulmonary artery. This was the sort of wound that an assailant acting with purpose and expertise might inflict. This Court will not interfere with the jury's role of determining the weight of the evidence and credibility of witnesses.

*Johnson,* Slip. Op. at p. 2 (internal citation omitted).

A federal court reviewing a state court conviction on habeas review that is "faced with a record of historical facts that supports conflicting inferences must presume—even

14

if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Cavazos,* 132 S. Ct. at 6 (quoting *Jackson v. Virginia,* 443 U.S. at 326). Although there may have been some evidence to support petitioner's self-defense claim and petitioner has given interpretations to the evidence that differ from the state court's interpretation of the evidence, "in light of the deference to be accorded to state-court factfinding under § 2254(e), as well as the traditional deference accorded to the jury's resolution of disputed factual issues," petitioner is unable to show that the Michigan Court of Appeals' unreasonably determined that the prosecutor disproved petitioner's self-defense claim. *See Seymour v. Walker,* 224 F.3d 542, 552 (6th Cir. 2000). Because the jury essentially chose to reject petitioner's testimony that he acted in self-defense, which is a credibility determination that this Court must defer to, petitioner is not entitled to habeas relief on his sufficiency of evidence claim. *See Johnson v. Hofbauer,* 159 F. Supp. 2d 582, 597-98 (E.D. Mich. 2001).

## IV. Conclusion

The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were

adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right with respect to any of the claims. The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *See Allen v. Stovall,* 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

## V. ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE.**

IT IS FURTHER ORDERED that a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that Petitioner will be **DENIED** leave to appeal *in forma pauperis.*

                 s/John Corbett O'Meara
                 United States District Judge

Date: January 15, 2013

  I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, January 15, 2013, using the ECF system and/or ordinary mail.

           s/William Barkholz
           Case Manager